## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ASHLEYLYNN N. MIDDLETON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-257 |
| COLLECTO, INC. d/b/a EOS CCA, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ashleylynn N. Middleton ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct Collecto, Inc. d/b/a EOS CCA ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas, and Plaintiff resides in the Southern District of Texas.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third party debt collection service with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061. Defendant is in the business of collecting defaulted consumer debts owed to others throughout the country, including in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the conduct giving rise to this action, Plaintiff received medical care.

8. Due to unforeseeable financial hardships, Plaintiff defaulted on her payments for her medical care, thus incurring debt ("subject debt").

9. Sometime thereafter, Defendant acquired the right to collect on the defaulted subject debt.

10. In or around October 2019, Plaintiff began receiving collection phone calls to her cellular phone number (707) XXX-6844 from Defendant.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6844. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. On January 7, 2020, Plaintiff answered a call to her cellular telephone from Defendant.

13. In this call, Plaintiff informed Defendant that she was filing for bankruptcy and provided Defendant with her bankruptcy attorney's contact information. Plaintiff requested Defendant to stop calling her and to contact her attorneys for any information.

14. Plaintiff's request fell on deaf ears as Defendant continued its phone harassment campaign against Plaintiff's wishes.

15. Despite Defendant's actual knowledge that Plaintiff was represented by an attorney, and Plaintiff's requests for Defendant's phone calls to cease, Defendant continued to place collection calls to Plaintiff's cellular phone without her consent.

16. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 2019 through the present day.

17. Defendant called Plaintiff's cellular phone with such frequency as can be reasonably expected to harass.

18. The phone number that Defendant most often uses to contact Plaintiff is (888) 224-5557, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts by using the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

27. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, and d(5) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a. Violations of FDCPA § 1692c**

31. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her and providing Defendant with her attorneys contact information, Defendant continued its onslaught of phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt.

32. Defendant violated §1692c(a)(2) when it continuously contacted Plaintiff after becoming aware that she was represented by an attorney. Defendant knew or should have known that it needed to contact Plaintiff's attorney, but instead it continued to call Plaintiff on her cellular phone in hopes of harassing and abusing her into making a payment on the subject debt. Plaintiff specifically requested Defendant to cease calling her cellular phone and to contact her attorney instead.

    **b. Violations of FDCPA § 1692d**

33. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her and informed Defendant that she was represented by an attorney.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome and that she was represented by an attorney, and to contact her attorney only. Specifically, Defendant placed or

caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 2019 through the present day without Plaintiff's consent.

35. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. The volume of calls shows that Defendant willfully ignored Plaintiff's request that the calls cease with the goal of annoying her into submission.

36. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

37. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ASHLEYLYNN N. MIDDLETON respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and reallages paragraphs 1 through 38 as through fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

6

### a. Violations of TDCA § 392.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it called Plaintiff repeatedly despite her requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

45. Moreover, Defendant continued to place calls to Plaintiff's cellular phone after she requested Defendant to cease calling her and to contact her attorney only. Plaintiff provided Defendant with her attorney's contact information.

46. Despite Defendant's actual knowledge that Plaintiff was represented by an attorney, and Plaintiff's requests for Defendant's phone calls to cease, Defendant continued to place collection calls to Plaintiff's cellular phone without her consent.

47. As pled above, Plaintiff incurred actual damages as a direct result of Defendant's harassment.

**WHEREFORE**, Plaintiff ASHLEYLYNN N. MIDDLETON requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b)-(e); and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 23, 2020 Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com